# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ENCHANT CHRISTMAS, LLC
5608 17th Avenue NW – Suite #1198
Seattle, WA 98107,

        Plaintiff,

  v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

        Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Enchant Christmas, LLC ("Enchant Christmas"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Enchant Christmas, a promoter of immersive Christmas events featuring performing artists, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Enchant Christmas's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic forced Enchant Christmas to cancel all of its events in 2020. As a result, the company suffered an 80% decline in revenue from calendar year 2019 to calendar 2020 and has depleted all of its cash reserves. Enchant Christmas desperately needs a SVOG award to sustain operations—exactly the purpose of the SVOG Program.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Enchant Christmas demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Enchant Christmas's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Enchant Christmas, LLC, a Delaware Corporation, promotes immersive Christmas events in Washington, D.C., Dallas, Texas, Las Vegas, Nevada and St. Petersburg, Florida that feature actors performing as Santa, elves and townsfolk, and live bands performing Christmas music.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.   Shuttered Venue Operators Grant Program**

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 or, if it began operations after January 1, 2019, in an amount equal

to its average 2019 monthly gross earned revenue multiplied by 6, up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15. Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

16. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

17. The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

18. The Act specifies that for a live venue promoter (as well as a live venue operator, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics.  It must put on events with a defined performance and audience space; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager,

security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     Enchant Christmas's SVOG Application and the SBA's Denial**

19.     On April 26, 2021, Enchant Christmas applied for a SVOG award of $10,000,000.00.

20.     In its application, Enchant Christmas demonstrated that it satisfied the criteria for eligibility as a live venue promoter.  Enchant Christmas demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its federal tax returns for 2019 and 2020.  It submitted sample contracts with actors and bands that provided for fair payment along with documentation showing that it met the other application criteria, and provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

21.     On July 20, 2021, Enchant Christmas learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found Enchant Christmas ineligible.

22.     On August 17, 2021, Enchant Christmas submitted an administrative appeal of the denial to the SBA.  Because the denial included no explanation, Enchant Christmas's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue promoter.

23.     Enchant Christmas's appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue promoter.  Enchant Christmas's supporting documentation included: samples of its contracts with performing artists; sample site rental contracts; sample marketing materials; ticket fee receipts and a ticket pricing screenshot; quarterly

financial statements for our Calendar 2019 and 2020 years; venue floor plans and maps showing the performance and audience spaces, and indicating public address systems; invoices for sound mixing and sound production; invoices for lighting rigs; and documentation of security personnel and box office managers at the events.

24. Enchant Christmas included with its appeal a letter from its certified public accountant explaining that Enchant Christmas, LLC is a subsidiary of Shine Lighting Group USA Inc., which in turn is ultimately owned by Enchant Christmas Light Maze & Market Ltd, a Canadian company. The certified public accountant's letter further explained that Enchant Christmas, LLC is classified as a disregarded entity for federal income tax purposes, and that Enchant Christmas, LLC's application for a SVOG award was based on solely on Enchant Christmas LLC's earned revenue.

25. Enchant Christmas additionally informed the SBA that a similarly situated entity—Enchant Christmas' sole competitor GlowCo, LLC—received a SVOG award, which further evidenced Enchant Christmas's eligibility.

26. On September 1, 2021, the SBA notified Enchant Christmas by email that its appeal was denied. As with the denial of Enchant Christmas's application, the SBA gave no reason for denying the appeal.

27. The SBA's denial of Enchant Christmas's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

28. The courts recognize a strong presumption favoring judicial review of administrative action.

29. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

31. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33. Enchant Christmas realleges and incorporates by reference each of the preceding paragraphs and allegations.

34. A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying Enchant Christmas's application, nor did it provide any reason when it denied Enchant Christmas's appeal.

35. Indeed, the SBA's decision on Enchant Christmas's application conflicts with the evidence of Enchant Christmas's eligibility that it presented to SBA in its application and in its appeal.

36. The SBA further erred by treating Enchant Christmas disparately from a similarly situated business that was granted a SVOG award.  Specifically, the SBA approved the SVOG applications of Enchant Christmas's direct competitor GlowCo LLC.  GlowCo LLC promotes immersive Christmas events just like Enchant Christmas's events.

37. For each of these reasons, the SBA's denial of Enchant Christmas's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

38. Enchant Christmas realleges and incorporates by reference each of the preceding paragraphs and allegations.

39. Enchant Christmas meets the Act's definition of live venue promoter and satisfies the Act's general eligibility criteria for a SVOG award.

40. The SBA's denial of Enchant Christmas's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

41. Enchant Christmas realleges and incorporates by reference each of the preceding paragraphs and allegations.

42. The SBA's denial of Enchant Christmas's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  Enchant Christmas's application and appeal presented evidence that demonstrates Enchant Christmas is eligible for a SVOG award.

43. The SBA's denial of Enchant Christmas's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Enchant Christmas respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Enchant Christmas's SVOG award request.

2. Preliminarily and permanently order Defendants to consider Enchant Christmas's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.  Preliminarily and permanently order Defendants to award Enchant Christmas $10,000,000.00 in SVOG funds.

4.  Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG award.

5.  Award Plaintiff its costs and reasonable attorney fees; and

6.  Grant such other and further relief as the Court deems just and proper.

Dated: September 3, 2021

Respectfully submitted,

/s/ Caroline L. Wolverton

_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006 |
(202) 887-4000

*Counsel for Plaintiff Colors Worldwide Inc.*